# STATE OF VERMONT

# ENVIRONMENTAL COURT

Appeal of Foley, <u>et al.</u>  }
}
}   Docket No.  284-12-02
}
}   Vtec
}
}

## <u>Entry Order</u>

Appellants Karen Foley, Johannes Swarts, Katherine Thibault, Andre Thibault, John McCann, Donna McCann, Susan Bradford, Richard Peck, and Donna Williams appealed from a decision of the Zoning Board of Adjustment of the Village of Bradford granting conditional use approval to Appellee-Applicant Peter J. Saladino, Jr. Appellants appeared and represented themselves, with Ms. Foley acting as spokesperson; Appellee-Applicant appeared and represented himself; and the Town did not enter an appearance in this matter. An evidentiary hearing was held in this matter before Merideth Wright, Environmental Judge; after which Judge Wright took a site visit alone, by agreement of the parties. The parties presented their arguments orally on the record at the hearing. The Court issued its decision on August 11, 2003.

Ms. Foley has moved for reconsideration or for a new trial, in response to footnote 1 of the August 11, 2003 decision. Her motion included new factual information as to the fact that the new Zoning Bylaws were proposed for public hearing prior to the date of Mr. Saladino= s application, but did not state the date on which they were proposed, and did not state the information in affidavit form. Mr. Saladino has not responded to her motion. The time allowed by the rules to respond to her motion, even if it were treated as a motion for summary judgment, has now expired.

Under ' 5.8 of the Zoning Bylaws in effect in 2002 (the > old Zoning Bylaws= ) a multi-family building as proposed in this application does not require site plan approval; it only requires conditional use approval. Under ' 6-12(a) of the new Zoning Bylaws it requires site plan approval as well as conditional use approval.

The August 11, 2003 decision applied the old Zoning Bylaws to this application, because evidence had not been presented as to when the new Zoning Bylaws had been noticed for the first public hearing

pursuant to 24 V.S.A. ' 4404(a). The Court noted that, under 24 V.S.A. ' 4443(d)(as amended in 2001), an application must be considered under any newly proposed bylaws if the application is filed during the period of 150 days after the new bylaws have been proposed for public hearing, even if the new bylaws had not yet been adopted. After that time period (or if the bylaws are rejected), the application is to be reviewed under the existing bylaws and ordinances.

Evidence was presented that Mr. Saladino= s application was filed on September 25, 2002; that the ZBA ruled on his application on November 6, 2002; and that the new Zoning Bylaws were adopted on March 4, 2003. However, although Appellants argued at the hearing that the new regulations should be applied, they did not present evidence that the new Zoning Bylaws were proposed for the first public hearing within the 150-day period prior to the filing date of the application.

In the August 11, 2003 decision, the Court advised the parties that, if the new zoning bylaws in fact had been noticed for public hearing within the required period prior to September 25, 2002, the application should have been considered under the new Zoning Bylaws. Not only should the application on appeal have been considered by the ZBA for conditional use approval under the new Zoning Bylaws, but it should also have been considered for site plan approval by the Planning Commission under ' 6-12, as the Village of Bradford does not have a unified development review board.

If the new Zoning Bylaws were noticed for public hearing within the 150-day period, the Court still could not proceed to consider the application under the site plan approval standards. The Court can only sit in place of the board that issued the decision appealed from, to consider the application that was the subject of that decision. If the application must undergo site plan approval, it must be filed with and heard by the Planning Commission for that purpose. Further, the Court should not proceed to apply the new Zoning Bylaws; rather, the ZBA should have the opportunity in the first instance to consider the application under the new Zoning Bylaws.

If Appellants wish the Court to rule on the present motion, they must file in affidavit form (probably as the affidavit of the Village Clerk or other Village Official) the date on which the new Zoning Bylaws were noticed for the first public hearing pursuant to 24 V.S.A. ' 4404(a). If that date is less than 150 days prior to September 25, 2002, then the application should have been considered also for site plan approval by

the Planning Commission and the ZBA should have applied the new Zoning Bylaws in its consideration of conditional use approval. Further, the ZBA and Planning Commission should have coordinated their hearings on the application under ' 6-12(e) of the new Zoning Bylaws.

If no other documents are filed by any party within 15 days of the filing of the affidavit, Appellant= s motion for reconsideration will be granted, the August 11, 2003 order will be vacated, and the ZBA= s decision under the old bylaws will be vacated and remanded for the ZBA to consider the application under the new Zoning Bylaws, in conjunction with the Planning Commission= s consideration of site plan approval under ' 6-12 of the 2003 Zoning Bylaws.

If any responses are filed within 15 days after the filing of the affidavit, the Court will rule on the pending motion in light of those responses. Hearing time is available at the Courthouse in Chelsea in the afternoon of November 14, 2003, if the date of the first public hearing notice is contested by any party.

Dated at Barre, Vermont, this 26th day of September, 2003.


_____

Merideth Wright
Environmental Judge